FILED
2026 Oct-01 PM 12:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**[1]

| | | |
|---|---|---|
| **PINNACLE BANCSHARES, INC.,**<br>**a Delaware corporation**<br>and<br>**PINNACLE BANK,**<br>**an Alabama corporation,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**PINNACLE FINANCIAL PARTNERS, INC.,**<br>**a Georgia corporation**<br>and<br>**PINNACLE BANK,**<br>**a Tennessee corporation,**<br><br>**Defendants.** | ) | **Case No.: 7:26-cv-01194-AMM** |

---

## ANSWER TO COMPLAINT AND COUNTERCLAIM

---

Defendants Pinnacle Financial Partners, Inc. ("PFP, Inc.") and Pinnacle Bank ("Defendant Pinnacle Bank") (collectively, "PFP") submit the following Answer to Complaint and Counterclaim in response to the Complaint filed by Pinnacle Bancshares, Inc. ("Pinnacle Bancshares") and Pinnacle Bank ("Plaintiff Pinnacle Bank") (collectively, "Pinnacle Jasper").

### Answer to "JURISDICTION AND VENUE"

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the trademark and unfair competition laws of the United

[1] Plaintiffs filed this action in the United States District Court for the Northern District of Alabama, Jasper Division. Effective December 24, 2024, the Jasper Division was eliminated and is now part of the United States District Court for the Northern District of Alabama, Western Division.

States. Defendants note that the Lanham Act is codified at 15 U.S.C. §1125(a), and not "35 U.S.C. § 1125(a)," as stated in Paragraph 1.

2. Defendants admit the allegations of Paragraph 2.

3. Defendant Pinnacle Financial Partners, Inc. admits that it conducts business in the State of Alabama and in Walker County, Alabama. Defendant Pinnacle Financial Partners, Inc. denies the remaining allegations of Paragraph 3.

4. Defendant Pinnacle Bank admits that it conducts business in the State of Alabama and in Walker County, Alabama. Defendant Pinnacle Bank denies the remaining allegations of Paragraph 4.

5. Upon information and belief, Defendants admit that Plaintiffs maintain their principal office in Walker County, Alabama. Defendants admit they transact business in the State of Alabama, including in Walker County. Defendants deny the remaining allegations of Paragraph 5.

**Answer to "PARTIES"**

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and therefore deny those allegations.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore deny those allegations.

8. Defendant Pinnacle Financial Partners, Inc. admits the allegations of Paragraph 8.

9. Defendant Pinnacle Bank admits the allegations of Paragraph 9.

**Answer to "FACTUAL ALLEGATIONS"**

10. Defendants admit that Plaintiff Pinnacle Bank and Defendant Pinnacle Bank both provide banking and financial services. Defendant Pinnacle Bank states that substantially all of its

branding is and will be under the brand "Pinnacle Financial Partners" or "Pinnacle." Defendants deny the remaining allegations of Paragraph 10.

**Answer to "*Plaintiff's Business*"**

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore deny those allegations.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore deny those allegations.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore deny those allegations.

**Answer to "*Plaintiffs' Trademark Rights*"**

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and therefore deny those allegations.

15. Paragraph 15 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 15.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and therefore deny those allegations.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and therefore deny those allegations.

18. Paragraph 18 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 18.

19. Paragraph 19 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 19.

20. Paragraph 20 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 20.

**Answer to "*Defendants' Expansion Into Alabama*"**

21. Defendants admit the allegations of Paragraph 21.

22. Defendants deny the allegations of Paragraph 22.

23. Defendants deny the allegations of Paragraph 23.

24. Defendants deny the allegations of Paragraph 24.

25. Any filings with the Alabama Secretary of State speak for themselves. Defendants deny the remaining allegations of Paragraph 25.

26. Defendants admit the allegations of Paragraph 26.

27. Defendants admit the allegations of Paragraph 27.

**Answer to "*Defendants' Knowledge of Plaintiffs' Mark*"**

28. At this time, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and therefore deny those allegations.

29. Defendants deny the allegations of Paragraph 29.

30. Defendants deny the allegations of Paragraph 30.

31. Any documents exchanged between the parties speak for themselves. Defendants further object to the use of the term "2021 Agreement." Defendants deny the remaining allegations of Paragraph 31.

32. Defendants deny the allegations of Paragraph 32.

**Answer to "*Defendants' Infringement of Plaintiffs' Mark*"**

33. Defendants deny the allegations of Paragraph 33.

34. Defendants deny the allegations of Paragraph 34.

35. Defendants deny the allegations of Paragraph 35.

36. Defendants deny the allegations of Paragraph 36.

37. Defendants deny the allegations of Paragraph 37.

38. Defendants deny the allegations of Paragraph 38.

**Answer to "*Defendants' Merger*"**

39. Defendants deny the allegations of Paragraph 39 as stated. Pinnacle Financial Partners, Inc. and Synovus Financial Corp. merged into Steel Newco, Inc. on January 1, 2026. Steel Newco, Inc. then immediately changed its name to Pinnacle Financial Partners, Inc. Synovus Bank merged with Pinnacle Bank on January 2, 2026. Defendants deny the remaining allegations of Paragraph 39.

40. The Synovus website speaks for itself and no response is required.

41. Defendants deny the allegations of Paragraph 41.

42. Defendants deny the allegations of Paragraph 42 as stated. Defendant Pinnacle Bank states that substantially all of its branding is and will be under the brand "Pinnacle Financial Partners" or "Pinnacle." Defendants deny the remaining allegations of Paragraph 42.

43. Defendants deny the allegations of Paragraph 43.

**Answer to "*Likelihood of Confusion*"**

44. Defendants deny the allegations of Paragraph 44.

45. Defendants deny the allegations of Paragraph 45.

46. Defendants deny the allegations of Paragraph 46.

47. Defendants deny the allegations of Paragraph 47.

48. Defendants deny the allegations of Paragraph 48.

49. Defendants deny the allegations of Paragraph 49.

50. Defendants deny the allegations of Paragraph 50.

51. Defendants deny the allegations of Paragraph 51.

52. Defendants deny the allegations of Paragraph 52.

53. Defendants deny the allegations of Paragraph 53.

54. Defendants deny the allegations of Paragraph 54.

55. Defendants deny the allegations of Paragraph 55.

56. Defendants deny the allegations of Paragraph 56.

57. Defendants deny the allegations of Paragraph 57.

**Answer to *"Defendants' Fraudulent Trademark Registrations"***

58. Pinnacle Financial Partners, Inc. admits the allegations of Paragraph 58. Defendants deny the remaining allegations of Paragraph 58.

59. Defendants admit the allegations of Paragraph 59.

60. Defendants deny the allegations of Paragraph 60 as stated. Defendants admit that Plaintiffs' alleged use of the Plaintiffs' mark in at least Jasper, Alabama predates Pinnacle Financial Partners, Inc.'s Federal Registrations. Defendants deny that Plaintiffs' use predates Defendants' federal priority date in any geographic area outside the specific locations in which Plaintiffs actually conducted business as of Defendants' earliest federal priority date, and deny that Plaintiffs have established senior rights.

61. Defendants deny the allegations of Paragraph 61 as stated for the reasons set forth in Defendants' response to Paragraph 60, which Defendants incorporate herein by reference.

62. Defendants admit the earliest filing date for Pinnacle Financial Partners, Inc.'s Federal Registrations is September 30, 2022. Defendants deny the remaining allegations of Paragraph 62.

63. Defendants object to the use of the term "2021 Agreement." Defendants admit that the earliest filing date of Pinnacle Financial Partners, Inc.'s Federal Registrations was September 30, 2022. Defendants deny the remaining allegations of Paragraph 63.

64. Any declarations signed by Defendants speak for themselves. Defendants deny the remaining allegations of Paragraph 64.

65. Any disclosures to the Alabama Secretary of State speak for themselves. Defendants deny the remaining allegations of Paragraph 65.

66. Defendants deny the allegations of Paragraph 66.

67. Defendants deny the allegations of Paragraph 67.

68. Defendants deny the allegations of Paragraph 68.

69. Defendants deny the allegations of Paragraph 69.

70. Defendants deny the allegations of Paragraph 70.

**COUNT I**

**FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a)**

71. Defendants incorporate by reference their answers to Paragraphs 1 through 70 as if fully stated herein.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and therefore deny those allegations.

73. Defendants deny the allegations of Paragraph 73.

74. Paragraph 74 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 74.

75. Defendants deny the allegations of Paragraph 75.

76. Defendants deny the allegations of Paragraph 76.

77. Defendants deny the allegations of Paragraph 77.

78. Defendants deny the allegations of Paragraph 78.

79. Defendants deny the allegations of Paragraph 79.

80. Defendants deny the allegations of Paragraph 80.

81. Defendants deny the allegations of Paragraph 81.

**COUNT II**

**FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(A)**

82. Defendants incorporate by reference their answers to Paragraph 1 through 81 as if fully set forth herein.

83. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 and therefore deny those allegations.

84. Defendants deny the allegations of Paragraph 84.

85. Defendants deny the allegations of Paragraph 85.

86. Defendants deny the allegations of Paragraph 86.

87. Defendants deny the allegations of Paragraph 87.

88. Defendants deny the allegations of Paragraph 88.

89. Defendants deny the allegations of Paragraph 89.

90. Defendants deny the allegations of Paragraph 90.

91. Defendants deny the allegations of Paragraph 91.

92. Defendants deny the allegations of Paragraph 92.

## COUNT III

## COMMON LAW TRADEMARK INFRINGEMENT, TRADE NAME INFRINGEMENT AND UNFAIR COMPETITION

93. Defendants incorporate by reference their answers to Paragraphs 1 through 92 as if fully stated herein.

94. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 and therefore deny those allegations.

95. Defendants deny the allegations of Paragraph 95.

96. Defendants deny the allegations of Paragraph 96.

97. Defendants deny the allegations of Paragraph 97.

98. Paragraph 98 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 98.

99. Defendants deny the allegations of Paragraph 99.

100. Defendants deny the allegations of Paragraph 100.

101. Defendants deny the allegations of Paragraph 101.

## COUNT IV

## DILUTION UNDER THE ALABAMA STATE TRADEMARK ACT

102. Defendants incorporate by reference their answers to Paragraphs 1 through 101 as if fully set forth herein.

103. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 and therefore deny those allegations.

104. Defendants deny the allegations of Paragraph 104.

105. Defendants deny the allegations of Paragraph 105.

106. Defendants deny the allegations of Paragraph 106.

107. Defendants deny the allegations of Paragraph 107.

108. Defendants deny the allegations of Paragraph 108.

109. Defendants deny the allegations of Paragraph 109. No response is required for the characterization and quote of Alabama Code § 8-12-17.

110. Defendants deny the allegations of Paragraph 110.

111. Defendants deny the allegations of Paragraph 111.

**COUNT V**

**BREACH OF CONTRACT**

112. Defendants incorporate by reference their answers to Paragraphs 1 through 111 as if fully set forth herein.

113. Defendants deny the allegations of Paragraph 113.

114. Defendants deny the allegations of Paragraph 114.

115. Defendants deny the allegations of Paragraph 115.

116. Defendants deny the allegations of Paragraph 116.

117. Defendants deny the allegations of Paragraph 117.

118. Defendants deny the allegations of Paragraph 118.

119. Defendants deny the allegations of Paragraph 119.

**COUNT VI**

**DECLARATORY RELIEF OF INVALIDITY AND/OR UNENFORCEABILITY OF DEFENDANTS' FEDERAL TRADEMARK REGISTRATIONS**

120. Defendants incorporate by reference their answers to Paragraphs 1 through 119 as if fully stated herein.

121. Defendants admit that Pinnacle Financial Partners, Inc. is the owner of the listed Federal Trademark Registration Numbers. Defendants deny the remaining allegations of Paragraph 121.

122. Defendants deny the allegations of Paragraph 122.

123. Defendants deny the allegations of Paragraph 123 as stated for the reasons set forth in Defendants' response to Paragraph 60, which Defendants incorporate herein by reference.

124. Defendants deny the allegations of Paragraph 124 as stated for the reasons set forth in Defendants' response to Paragraph 60, which Defendants incorporate herein by reference.

125. Defendants admit Defendant Pinnacle Financial Partners, Inc. submitted each of the applications which resulted in the Federal Registrations after February 9, 2021. Defendants deny the remaining allegations of Paragraph 125.

126. At this time, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126 and therefore deny those allegations.

127. Defendants deny the allegations of Paragraph 127.

128. Defendants object to the use of the term "2021 Agreement" and therefore deny the allegations of Paragraph 128.

129. Any declarations signed by Defendants speak for themselves. Defendants deny the remaining allegations of Paragraph 129.

130. Defendants deny the allegations of Paragraph 130.

131. Any disclosures to the Alabama Secretary of State speak for themselves. Defendants deny the remaining allegations of Paragraph 131.

132. Defendants deny the allegations of Paragraph 132.

133. Defendants deny the allegations of Paragraph 133.

134. Defendants deny the allegations of Paragraph 134.

135. Defendants deny the allegations of Paragraph 135.

136. Defendants deny the allegations of Paragraph 136.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief in their Prayer For Relief, including subparts (1) – (12).

## JURY DEMAND

Plaintiffs' jury demand does not require a response.

## AFFIRMATIVE DEFENSES

Without waiving any of the foregoing, and reserving the right to assert additional defenses as they become known through discovery, Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches. Plaintiffs unreasonably delayed in asserting their claims after having knowledge, or reason to know, of Defendants' use of the marks at issue, and Defendants have been prejudiced by that delay.

### SECOND AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel. Plaintiffs' conduct, statements, and forbearance, including in connection with the 2021 correspondence between the parties, induced Defendants to reasonably believe that Plaintiffs would not object to Defendants' continued and expanding use of their marks in Alabama on the terms understood by Defendants, and Defendants relied on that understanding to their detriment.

**THIRD AFFIRMATIVE DEFENSE**
**(Naked License / Abandonment)**

To the extent Plaintiffs contend that Plaintiffs authorized or licensed Defendants' use of any Pinnacle-formative mark in Alabama, Plaintiffs' claims are barred, in whole or in part, because any such license was a "naked" license granted without any meaningful quality control provisions or their enforcement, resulting in abandonment of any trademark rights Plaintiffs might otherwise assert against that licensed use.

**FOURTH AFFIRMATIVE DEFENSE**
**(Unenforceability as Against Public Policy)**

Plaintiffs' breach of contract claim is barred, in whole or in part, because the alleged “2021 Agreement,” to the extent it is construed to limit, restrict, or prohibit Defendants' use of their own federally registered marks within the geographic scope of Defendants' federal trademark rights, conflicts with the rights conferred on Defendants under the Lanham Act and is unenforceable as against public policy.

**FIFTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**SIXTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations / Analogous Limitations Period)**

Plaintiffs' claims are barred, in whole or in part, to the extent they rely on conduct occurring outside the applicable limitations period, including any analogous state-law limitations period borrowed for Plaintiffs' Lanham Act claims and the limitations period applicable to Plaintiffs' state-law claims.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Mark Weakness / Absence of Exclusive Rights in a Common Term)**

Plaintiffs' claims for infringement and dilution are barred or limited, in whole or in part, because "Pinnacle" is a common term used by numerous banks and financial institutions across the country, rendering the Plaintiffs' mark conceptually and commercially weak outside the limited geographic area of Plaintiffs' actual use, entitled at most to a narrow scope of protection, and incapable of the widespread fame required to support a dilution claim.

**EIGHTH AFFIRMATIVE DEFENSE**
**(No Irreparable Harm / Adequate Remedy at Law)**

Plaintiffs are not entitled to injunctive or other equitable relief, including specific performance, because Plaintiffs have not suffered and will not suffer irreparable harm, and any injury Plaintiffs may be able to prove is compensable by an adequate remedy at law.

**NINTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiffs' recovery, if any, is barred or must be reduced to the extent Plaintiffs failed to take reasonable steps to mitigate their claimed damages, including by continuing to correspond and deal with Defendants under the terms Plaintiffs now contend were breached rather than promptly seeking judicial relief.

**TENTH AFFIRMATIVE DEFENSE**
**(Consent)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs consented to Defendants' use of the marks at issue in Alabama, including through the 2021 correspondence between the parties, subject to the terms Defendants understood to apply, and cannot now claim that the consented-to use is infringing.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Failure to Satisfy Burden of Proof)**

Plaintiffs cannot satisfy their burden of proving the requisite elements of a valid contract between the parties or that Defendants breached any valid or enforceable agreement between the parties.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Good Faith and No Fraud on the USPTO)**

In making the declarations associated with the federal trademark registrations resulting in United States Trademark Registration Nos. 7593152, 7246463, 7404810, 7217247, 7862936, 7239988, and 7940565 (collectively, "PFP's Federal Registrations"), PFP held an honest, good-faith belief in the truth of the declarations, which is fatal to Count VI as a matter of law.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Descriptiveness)**

Plaintiffs' Mark is a laudatory term that is merely descriptive, without secondary meaning or acquired distinctiveness, and Plaintiffs cannot establish protectable rights in its mark.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Presumption of Validity)**

PFP's Federal Registrations are prima facie valid under 15 U.S.C. § 1057(b).

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiffs' conduct, statements, and forbearance, including in connection with the 2021 correspondence between the parties, induced Defendants to reasonably believe that Plaintiffs would not object to Defendants' continued and expanding use of their marks in Alabama on the terms understood by Defendants, and Plaintiffs filed suit only once PFP's merger with Synovus made expansion material.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(No Contract Formed)**

Plaintiffs' breach of contract claim is barred, in whole or in part, because the alleged "2021 Agreement" did not form an enforceable contract due to one or more of the foregoing: its lack of a definite, lack of a mutually agreed set of terms, and lack of consideration.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Waiver, Modification, or Accord and Satisfaction)**

Plaintiffs' breach of contract claim is barred, in whole or in part, because to the extent the alleged "2021 Agreement" created any informal understanding, Plaintiffs' own conduct in continuing to deal with Defendants for years waived, modified, or created an accord and satisfaction with respect to the subject matter of the alleged "2021 Agreement."

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(No Willful Conduct)**

Defendants' conduct was not willful, and Plaintiffs are not entitled to an award of treble damages, punitive damages, or treatment of this case as an "exceptional case" under 15 U.S.C. § 1117.

**RESERVATION OF RIGHTS**

Defendants reserve the right to assert additional affirmative defenses that become known or apparent through discovery or further investigation, and to amend this Answer accordingly.

**COUNTERCLAIM**

Defendants/Counterclaim-Plaintiffs Pinnacle Financial Partners, Inc. ("PFP, Inc.") and Pinnacle Bank ("Counterclaim-Plaintiff Pinnacle Bank") (together, "PFP"), for their Counterclaim against Plaintiffs/Counterclaim-Defendants Pinnacle Bancshares, Inc. ("Pinnacle Bancshares") and Pinnacle Bank ("Counterclaim-Defendant Pinnacle Bank") (together, "Pinnacle Jasper"), state as follows:

## I. PARTIES, JURISDICTION AND VENUE

1. Counterclaim-Plaintiff PFP, Inc. is a Georgia corporation with its principal place of business in Atlanta, Georgia.

2. Counterclaim-Plaintiff Pinnacle Bank is a Tennessee corporation and a wholly owned subsidiary of PFP, Inc. with its principal place of business in Nashville, Tennessee.

3. Counterclaim-Defendant Pinnacle Bancshares is a Delaware corporation and, on information and belief, the parent holding company of Counterclaim-Defendant Pinnacle Bank, an Alabama-chartered commercial bank.

4. Counterclaim-Defendant Pinnacle Bank alleges in its Complaint that it is an Alabama corporation with its principal place of business in Jasper, Alabama.

5. This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it arises under the trademark laws of the United States, 15 U.S.C. § 1051 et seq., and pursuant to 28 U.S.C. § 1367 because it is so related to the claims in the Complaint that it forms part of the same case or controversy. This Court further has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, because an actual and justiciable controversy exists between the parties.

6. This Court has personal jurisdiction over Pinnacle Jasper, and venue is proper in this district, for the same reasons alleged in the Complaint.

## II. FACTUAL BACKGROUND

7. PFP is the owner of United States Trademark Registration Nos. 7593152, 7246463, 7404810, 7217247, 7862936, 7239988, and 7940565 (collectively, "PFP’s Federal Registrations"), covering marks incorporating the terms PINNACLE and PINNACLE FINANCIAL PARTNERS for banking and financial services in Class 36.

8. PFP's Federal Registrations are valid and subsisting, and constitute prima facie evidence of the validity of the registered marks, of PFP's ownership of the marks, and of PFP's exclusive right to use the marks in commerce nationwide in connection with the services specified in the registrations, pursuant to 15 U.S.C. § 1057(b), subject only to any common-law rights of parties who used the mark, or a confusingly similar mark, prior to the earliest of the filing dates of the federal trademark applications resulting in the issuance of PFP's Federal Registrations, and then only in the specific geographic areas of such prior use.

9. The earliest constructive priority date established by PFP's Federal Registrations is September 30, 2022.

10. On information and belief, Pinnacle Jasper has used the name and mark PINNACLE BANK since at least as early as August 30, 1996, in connection with banking and financial services, but only within certain limited geographic areas of Alabama.

11. On information and belief, as of September 30, 2022, Pinnacle Jasper's use of the PINNACLE BANK mark was, and Pinnacle Jasper's common-law trademark rights are, limited to the specific branch locations Pinnacle Jasper had established and was operating as of that date.

12. Under the doctrine articulated in *United Drug Co. v. Theodore Rectanus Co.*, 248 U.S. 90 (1918), and *Hanover Star Milling Co. v. Metcalf*, 240 U.S. 403 (1916), and as applied by the Eleventh Circuit in *Tally-Ho, Inc. v. Coast Community College District*, 889 F.2d 1018 (11th Cir. 1989), a senior common-law user's trademark rights are territorially limited to the geographic areas in which it has actually used its mark or into which it might naturally expand, and a senior user cannot displace a good-faith junior federal registrant in territories where the senior user had not established trade or reputation as of the registrant's priority date.

13. Pinnacle Jasper bears the burden of establishing both the existence of and the geographic scope of any common-law trademark rights it claims to hold as of September 30, 2022.

14. An actual and justiciable controversy exists between the parties as to the geographic scope of Pinnacle Jasper's common-law rights in the PINNACLE BANK mark, and as to whether Pinnacle Jasper may lawfully expand its use of that mark to locations beyond those it had established and was operating as of September 30, 2022, including in connection with the pending conversion of former Synovus Bank branches to PFP's branding under the PINNACLE FINANCIAL PARTNERS and PINNACLE brands and marks.

**COUNT I**
**DECLARATORY JUDGMENT**
**(Geographic Limitation of Pinnacle Jasper's Common-Law Trademark Rights)**

15. PFP realleges and incorporates by reference the allegations of Paragraphs 1 through 14 of this Counterclaim as if fully set forth herein.

16. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the federal trademark laws, PFP is entitled to a judicial declaration that: (a) any common-law trademark rights held by Pinnacle Jasper in the PINNACLE BANK mark are limited to the specific geographic locations, including the specific branch locations, that Pinnacle Jasper had established and was actually operating as of September 30, 2022, the earliest priority date established by PFP's Federal Registrations; and (b) Pinnacle Jasper is prohibited from expanding its use of the PINNACLE BANK mark, or any confusingly similar mark, to any location beyond those specific pre-existing locations, and any such expansion would infringe PFP's rights under PFP's Federal Registrations.

17. A judicial declaration is necessary and appropriate at this time to resolve the actual controversy between the parties regarding the geographic scope of their respective rights in the

PINNACLE-formative marks, and to guide the parties' future conduct, including with respect to the ongoing integration of former Synovus Bank locations.

**COUNT II**
**DECLARATORY JUDGMENT**
**(No Likelihood of Confusion and Non-infringement)**

18. PFP realleges and incorporates by reference the allegations of Paragraphs 1 through 17 of this Counterclaim as if fully set forth herein.

19. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the federal trademark laws, PFP is entitled to a judicial declaration that: (a) there is no likelihood of confusion between the PINNACLE BANK mark and uses of the names and marks “PINNACLE FINANCIAL PARTNERS” and “PINNACLE” and (b) Defendants’ use of those marks does not infringe any rights Plaintiffs may claim or assert in the PINNACLE BANK mark.

20. A judicial declaration is necessary and appropriate at this time to resolve the actual controversy between the parties regarding the geographic scope of their respective rights in the PINNACLE-formative marks, and to guide the parties' future conduct, including with respect to the ongoing integration of former Synovus Bank locations

**PRAYER FOR RELIEF ON COUNTERCLAIM**

WHEREFORE, PFP respectfully requests that the Court enter judgment in its favor and against Pinnacle Jasper on the Counterclaim, and award the following relief:

1) A declaratory judgment that Pinnacle Jasper's common-law trademark rights in the PINNACLE BANK mark are limited to the specific geographic locations Pinnacle Jasper had established and was operating as of September 30, 2022;

2) A declaratory judgment that Pinnacle Jasper is prohibited from expanding its use of the PINNACLE BANK mark, or any confusingly similar mark, beyond those specific pre-

existing locations, and that any such expansion would infringe PFP's rights under PFP's Federal Registrations;

3) A declaratory judgment that Defendants' use of PFP's Federal Registrations to identify the banking and financial services they provide do not cause a likelihood of confusion with the PINNACLE BANK mark and does not infringe the PINNACLE BANK mark.

4) An award of PFP's costs incurred in connection with this Counterclaim; and

5) Such other and further relief as the Court deems just and proper.

**JURY DEMAND ON COUNTERCLAIM**

PFP demands a trial by jury on all issues so triable on its Counterclaim.

Respectfully submitted,

*<u>/s/ D. Brian O'Dell</u>*

D. Brian O'Dell (ASB-2628-O56D)
Michael S. Denniston (ASB-6906-O45M)
Jeffrey D. Dyess (ASB-8764-E37J)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: 205.521.8000
Email: bodell@bradley.com
Email: mdenniston@bradley.com
Email: jdyess@bradley.com

*Counsel for Defendants Pinnacle Financial Partners, Inc. and Pinnacle Bank, a Tennessee Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of October, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to the following counsel of record:

Edward Jackson
Jackson Brakefield
P.O. Box 748
Jasper, AL 35502
ejackson@jacksonbrakefield.com

India Vincent
Ametrine Law
217 Country Club Park #734
Birmingham, AL 35213-4296
india@ametrinelaw.com

Stephen R. Risley
Olivia E. Marbutt
Kent & Risley LLC
5755 North Point Parkway, Suite 57
Alpharetta, GA 30022
steverisley@kentrisley.com
oliviamarbutt@kentrisley.com

*/s/D. Brian O'Dell*
Of Counsel